**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3275
_____

GAN MAO ZHOU,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-178-252)
Immigration Judge:  Honorable Miriam Mills
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 28, 2012

Before:  RENDELL, VANASKIE and GARTH, <u>Circuit Judges</u>

(Opinion filed: March 29, 2012)
_____

OPINION
_____

PER CURIAM

Gan Mao Zhou petitions for review of a decision of the Board of Immigration

Appeals (BIA).  For the reasons below, we will deny the petition for review.

Zhou, a native of China, entered the United States on March 12, 2003.  On March

15, 2003, he was charged as removable as an alien present in the United States without

being admitted or paroled. Zhou conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He alleged that his girlfriend was forced to undergo an abortion in September 2002 and that because he injured a birth control official during a struggle, he would be arrested or detained if removed to China. On February 25, 2009, he amended his application to assert that in October 2008, he had begun practicing Falun Gong while in the United States and would be persecuted based on these beliefs if removed to China. After a hearing, an Immigration Judge (IJ) denied relief. The IJ found Zhou credible but concluded that he had not provided corroboration for his claims.

The BIA dismissed Zhou's appeal. It concluded that Zhou did not challenge the IJ's determination that he had not shown past persecution. It agreed with the IJ that Zhou had not corroborated his claim that he had a well-founded fear of persecution based on his other resistance to the family planning policy. The BIA also agreed with the IJ that Zhou had not provided corroboration for his assertion that he would face persecution for his practice of Falun Gong. Zhou filed a timely petition for review.

We have jurisdiction under 8 U.S.C. 1252. To establish eligibility for asylum, Zhou needed to demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Wang v. Gonzales, 405 F.3d 134, 139 (3d Cir. 2005). To establish eligibility for withholding of removal, he needed to demonstrate that it was more likely than not that his life or freedom would be threatened in China on account of a

2

protected ground. 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the Convention Against Torture, he needed to demonstrate that it is more likely than not that he would be tortured if removed to China. 8 C.F.R. § 1208.16(c)(2). We may not reverse the BIA's decision unless the record evidence would compel a reasonable fact-finder to conclude that Zhou had met his burden. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Zhou argues that he was slapped by a birth control official and threatened with arrest. The BIA determined that Zhou did not argue past persecution in his appeal. Zhou does not challenge that determination. Even if Zhou had exhausted the argument, those acts do not rise to the level of persecution. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004) (beating with sticks by police that produced no injuries needing medical treatment not persecution).

As noted above, the BIA determined that Zhou had not corroborated his claims that he had a well-founded fear of persecution based on his other resistance to the family planning policy or his practice of Falun Gong. Under 8 U.S.C. § 1252(b)(4), we may not reverse a determination made with respect to the availability of corroborating evidence unless a reasonable trier of fact would be compelled to conclude that such evidence is unavailable. Zhou has not pointed to any evidence in the record that compels such a finding. Rather, he argues that corroboration is not necessary. However, the BIA may require credible applicants to supply corroborating evidence. See Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001).

Zhou argues that he did not expect that he would need to produce testimony from his brother at the hearing. However, the BIA noted that Zhou testified that he practiced Falun Gong where he was living and he lived with his brother for a time. Zhou also contends that it was unreasonable for the IJ to have expected Zhou to produce paper copies of the website that led him to practice Falun Gong and copies of the flyers he had handed out. The BIA pointed out that Zhou had not provided a foundation for the photographs he submitted: who took them, where and when they were taken, and how he obtained the photographs. The IJ observed that the photographs did not show Zhou practicing Falun Gong but rather protesting with signs that were untranslated. It was not unreasonable for the BIA to expect Zhou to corroborate his claim of involvement with Falun Gong.

With respect to his claim based on other resistance to the family planning policy, the BIA concluded that Zhou had neither provided a copy of the notice his parents received requesting Zhou to appear before authorities for his altercation with the family planning officials nor explained its absence. The BIA noted that statements by Zhou's father and girlfriend did not mention that officials have been looking for Zhou based on the altercation in 2002. Zhou does not address or challenge the BIA's conclusions.

Zhou has not shown that the record compels a finding of a well-founded fear of persecution based on his resistance to China's family planning policy or his practice of Falun Gong. Nor has he shown that his life would likely be threatened on those grounds

4

or that he would be tortured if removed to China.  Accordingly, we will deny the petition for review.